IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **A.P. as parent and natural guardian of L.H., a minor,** | |
| Plaintiffs, | No. 14-CV-4022-DEO |
| vs. | **ORDER ON MOTION TO DISMISS** |
| **BRIAN JOHNSON and SIOUX RAPIDS COMMUNITY SCHOOL DISTRICT**, | |
| Defendants. | |

## I. INTRODUCTION

The above captioned case concerns a lawsuit brought by the Plaintiff, a parent, against a school, on behalf of a minor child. In the Complaint, Docket No. 1, the Plaintiff alleges a variety of causes of action against the Defendants related to alleged abuse suffered by L.H. For clarity's sake, the Court will refer to A.P. and L.H. jointly as the Plaintiff and will refer to each individually by their initials when necessary.

Currently before the Court is a Motion to Dismiss, Docket No. 8, filed by the Defendants. The parties appeared for a hearing on October 23, 2014. After listening to the parties'

arguments, the Court took the matter under consideration and now enters the following.

**II.   BACKGROUND**

Because the present motion is a pre-answer Motion to Dismiss, few facts are before the Court.  However, a short overview of the allegations is necessary for context.

During the 2012-2013 school year, L.H. was a seventh grade student at the Sioux Rapids Community School.  L.H. suffers from autism as well as other mental/emotional disorders, and can act out angrily, or even violently at times.  To facilitate L.H.'s unique educational needs, the parties developed an Individualized Education Program [hereinafter IEP].[1]  As part of the IEP, L.H. was assigned an aide who was with L.H. throughout the school day.  The IEP also provided that there should be a quiet place L.H. could go if he became overstimulated.  Finally, the IEP included a

---

[1] "An 'IEP is a comprehensive written statement developed jointly by the child's parents and the school district, which outlines the child's special educational needs and the specially designed instruction and services to be provided by the school system to meet those needs.' M.P. ex rel. K. v. Indep. Sch. Dist. No. 721, 326 F.3d 975, 977 n. 1 (8th Cir. 2003) (citing 20 U.S.C. § 1414(d))." Fort Osage R-1 Sch. Dist. v. Sims ex rel. B.S., 641 F.3d 996, 998 (8th Cir. 2011).

Behavior Intervention Plan [hereinafter BIP], which set out how faculty should intervene if L.H. began to act out. The BIP included the clause, "if [L.H.] is unable to be escorted safely, faculty trained in appropriate restraint techniques may be contacted for assistance."

An incident occurred on April 5, 2013. L.H. was having problems and attempted to go his quiet room. On the way, he pushed another student. While in the quiet room, he was approached by Defendant (teacher) Brian Johnson and Principal Jeff Scharn. The situation deteriorated, L.H. attempted to run away, and in that attempt pushed another student. At that point, Defendant Johnson physically restrained L.H. and allegedly caused L.H. injury.

Another incident occurred the following school year on October 10, 2013. L.H. was in a class taught by Defendant Johnson. L.H. became upset and threw a chair. Defendant Johnson again tackled L.H.

Plaintiff contends that Defendant Johnson failed to follow the IEP and BIP both times he physically intervened with L.H. Plaintiff alleges that in both situations, L.H. was

acting out as a result of his disability and the Defendants' response to L.H.- physically restraining him- was abusive.

**III. MOTION TO DISMISS STANDARD**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order for the Court to dismiss a claim under Federal Rule of Civil Procedure 12(b)(1), the opposing party must successfully challenge the claim "on its face or the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Facial challenges are limited to analyzing the face of the complaint. Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005).

In order to meet that standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." Braden v. Wal-Mart Stores,

5

Inc., 588 F.3d 585, 594 (8th Cir. 2009). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," Id.

In assessing "plausibility," as required by the Supreme Court in Iqbal, the Eighth Circuit Court of Appeals has explained that courts should consider only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003), stating that "in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The Court may also consider "materials that are part of the public record or do not contradict the complaint." Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 (8th Cir. 2012). "A more complete list of the matters outside of the pleadings that a court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment,

pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Van Stelton v. Van Stelton, 11-CV-4045-MWB, 2013 WL 3776813 (N.D. Iowa 2013) (internal citations omitted).

## IV. ISSUES

In their Motion to Dismiss, the Defendants raise one main issue. The Defendants argue that the Plaintiff has failed to exhaust the applicable administrative remedies.

## V. ANALYSIS

The Defendants' argument is this Court lacks subject matter jurisdiction because the Plaintiff has failed to exhaust valid administrative remedies. As set out in Defendants' brief:

> District Courts within the Eighth Circuit have held that a failure to exhaust administrative remedies is a jurisdictional requirement under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 ("IDEA"). See C.S. v. Missouri State Board of Education, 656 F. Supp. 2d 1007 (E.D. Mo. 2009) (citing the district courts which have supported the general proposition that

7

a failure to exhaust administrative remedies is jurisdictional); M.P. ex rel. K. and D.P. v. Indep. Sch. Dist. No. 721, 439 F.3d 865, 867 (8th Cir. 2006) (classifying the exhaustion requirement as a jurisdictional question); A.C. ex rel. M.C. v. Indep. Sch. Dist. No. 152, 2006 WL 3227768 (D. Minn. 2006) (acknowledging failure to exhaust administrative remedies is a jurisdictional question). Because Plaintiff failed to exhaust his administrative remedies before filing the complaint, this Court does not have subject matter jurisdiction over Plaintiffs['] claims. Further, when a plaintiff brings a claim under another federal statute or the United States Constitution, the IDEA exhaustion requirement also applies to the extent that those claims seek relief that is also available under the IDEA. See 20 U.S.C. §1415(1) (noting that exhaustion requirement applies to other federal claims that seek relief that is also available under the IDEA); M.Y., ex rel., J.Y. v. Special Sch. Dist. No. 1, 544 F.3d 885, 888 (8th Cir. 2008) (discussing the applicability of exhaustion requirements under section 504 or other statutes). Claims which must be exhausted are those related "to the IEP process, which involves individual identification, evaluation, educational placement, and free, appropriate education (F APE) decisions." The exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief that is being sought. J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist., 721 F.3d 588, 595 (8th Cir. 2013) (citing M.P. ex rel. K. v. Indep. Sch. Dist. No. 721, 326 F.3d 975, 980 (8th Cir. 2003). Id. Only if the

8

> relief sought is "wholly unrelated" to the IDEA is exhaustion of administrative remedies not required. See M.P., 439 F.3d at 868 (concluding plaintiffs Rehabilitation Act claim related to disclosure that he was schizophrenic was "wholly unrelated" to IDEA).

Docket No.8, Att. 1, p. 2-3. The Defendants argue that each of the Plaintiff's claims are grounded in the IDEA and thus, they are all barred by the failure to exhaust doctrine.

It is clear that, generally, "[u]nder the Individuals with Disabilities Education Act [hereinafter IDEA], 20 U.S.C. §§ 1400-1491, a parent dissatisfied with the manner in which an IEP is implemented may file a due process complaint with the local state agency. 20 U.S.C. § 1415(i)(2)." J.B. ex rel. Bailey, 721 F.3d at 591. This is because:

> [i]n the IDEA, Congress established procedural safeguards to ensure individuals with disabilities will have the opportunity to obtain a free appropriate public education (FAPE). 20 U.S.C. § 1415(a). The primary tool for implementing the aims of the IDEA is the IEP, which "tailor[s] the statutorily required 'free appropriate public education' to each child's unique needs." Honig v. Doe, 484 U.S. 305, 311 (1988) (quoting 20 U.S.C. § 1414(a)(5)). The other safeguards 'include ... an opportunity to present complaints concerning any aspect of the local agency's provision of a free appropriate public education; and an opportunity for 'an

9

> impartial due process hearing' with respect to any such complaints.' Id. at 311–12 (quoting 20 U.S.C. § 1415(b)(1), (2)). A party aggrieved by the outcome of an IDEA due process hearing may challenge the outcome before the state educational review agency. 20 U.S.C. § 1415(g)(1). The outcome of the administrative review hearing may then be disputed in district court. 20 U.S.C. § 1415(i)(2)(A). However, before parties may bring a claim in district court under a different statute for which they seek relief which is also available under the IDEA, the parties must first exhaust the administrative remedies under the IDEA. 20 U.S.C. § 1415(l ).

J.B. ex rel. Bailey, 721 F.3d at 592 (some internal citations omitted). The Supreme Court has articulated the contours of an administrative hearing under the IDEA.

> IDEA provides procedural recourse: It requires that a State provide '[a]n opportunity for any party to present a complaint ... with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child.' § 1415(b)(6). By presenting a complaint a party is able to pursue a process of review that, as relevant, begins with a preliminary meeting 'where the parents of the child discuss their complaint' and the local educational agency 'is provided the opportunity to [reach a resolution].' § 1415(f)(1)(B)(i)(IV). If the agency 'has not resolved the complaint to the satisfaction of the parents within 30 days,' § 1415(f)(1)(B)(ii), the parents may

> request an 'impartial due process hearing,' § 1415(f)(1)(A), which must be conducted either by the local educational agency or by the state educational agency, ibid., and where a hearing officer will resolve issues raised in the complaint, § 1415(f)(3).

Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 525 (2007). In Iowa, the IDEA required due process hearings are conducted by an Administrative Law Judge (ALJ).[2] But, the exhaustion requirement is limited. Specifically, the IDEA states:

> [n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section

---

[2] See the Iowa Department of Education, Dispute Resolution Summary, (last visited March 18, 2015), https://www.educateiowa.gov/documents/special-education/2014/10/dispute-resolution-summary-october-2014

11

> shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).

Based on this, the Defendants argue that Plaintiff's Counts I, II, and III are barred by the exhaustion doctrine.[3]

The Court will first consider the Defendants' argument that this issue is jurisdictional. Defendants argue that the exhaustion requirement is jurisdictional, which is to say, if the Plaintiff has not exhausted the state agency remedies, the Federal Court has no subject matter jurisdiction. It seems the 8th Circuit has not squarely decided whether failure to exhaust under the IDEA is jurisdictional. In support of their argument that the IDEA failure to exhaust requirement is jurisdictional, the Defendants cite the C.S. v. Missouri State Board of Education case, cited above. However, Judge Pratt of the Southern District of Iowa, has also considered this issue and stated:

---

[3] The Defendants go on to argue that because Counts I-III should be dismissed on exhaustion grounds, the Court should decline jurisdiction and dismiss the Plaintiff's remaining state law claims, citing 28 U.S.C. § 1367(c).

12

> [t]he Eighth Circuit has not yet clarified the law in this area, but has recognized the three exceptions to the exhaustion requirement described in [Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist., 198 F.3d 648, 656 (8th Cir. 1999).] Because the Eighth Circuit classifies exhaustion requirements for which exceptions have been recognized as non jurisdictional, the Court finds IDEA's exhaustion requirement to be non jurisdictional. Accordingly, Plaintiffs' failure to plead exhaustion is not fatal to this Court's subject-matter jurisdiction.

D.L. v. Waukee Cmty. Sch. Dist., 578 F. Supp. 2d 1178, 1190 (S.D. Iowa 2008). The Court is persuaded to follow Judge Pratt's precedent and find that the exhaustion issue does not implicate subject matter jurisdiction because it can be waived. Thus, the Court believes that exhaustion is an affirmative defense that needs to be articulated by the Defendants.

However, because the Plaintiff seemingly concedes that they have not exhausted the administrative process, the Court will consider the Defendants' substantive arguments regarding exhaustion. Plaintiff argues that the administrative process is outside the scope of their claim, stating:

13

> '[t]he purpose of requesting [an IDEA] due process hearing is to challenge an aspect of a child's education and to put the school district on notice of a perceived problem. Once the school district receives notice, it has the opportunity to address the alleged problem.' Thompson By & Through Buckhanon v. Bd. of Special Sch. Dist. No. 1 (Minneapolis), 144 F.3d 574, 579 (8th Cir. 1998)... Plaintiff seeks no prospective educational relief. She seeks no relief that could be included in an IEP. She seeks damages for assault. That relief is not available under IDEA so there is no administrative remedy to exhaust.

Docket No. 9, p. 4-5

The Plaintiff's argument, amounts to this: in a 'typical' IDEA case, a plaintiff is asking a Court to direct a school to fix some ongoing deficiency to ensure a special needs child receives their required education, but in this case, the Plaintiff alleges that the Defendants failed to comply with the IEP and BIP by assaulting and causing an injury to L.H., and the school has no means to administratively correct that damage. Accordingly, because this case is far removed from the typical case contemplated by the IDEA, the IDEA's exhaustion requirement does not apply.

Defendants' argue that Plaintiff's Count I is clearly related to the IDEA and therefore, exhaustion is required. In

14

Count I, the Plaintiff argues that the Defendant failed to provide an environment free from fear, failed to follow the BIP, failed to follow the IEP, allowed teachers to use illegal physical restraints, failed to train teachers, and failed to assign qualified assistants. The Court agrees that if Count I is closely tied to a typical IDEA claim, that would implicate the exhaustion doctrine. However, Plaintiff's requested relief is not prospective, it is requesting damages for past harms. It is not clear, at least based on the pleadings currently before the Court, that those types of relief are available in the administrative process. Because on the face of the pleadings it is not clear that the Plaintiff's requested relief is available through the IDEA administrative process, the Defendants' Motion to Dismiss Count I must be denied.

Plaintiff's Counts II and III seem farther removed from the IDEA. In Count II, Plaintiff alleges that Defendant Johnson violated 42 U.S.C. Section 1983 when he (allegedly) assaulted L.H. under the color of state law on April 5, 2013. In Count III, Plaintiff alleges that Defendant Johnson violated 42 U.S.C. Section 1983 when he (allegedly) assaulted

15

L.H. under the color of state law on October 10, 2013. The Defendant does not challenge Plaintiff's right to bring this action under 42 U.S.C. Section 1983, they argue instead that because the relief is related to the IDEA, the exhaustion requirement applies. The Court disagrees.

As stated above, for exhaustion to be a requirement, the non-IDEA relief requested must also be available under the IDEA. There simply is no reason to believe, at this stage of the case, that an IDEA claim could contemplate the type of harm described in Counts II and III. The Plaintiff alleges that Defendant Johnson assaulted L.H. The only relevance of the IEP seems to be that the Defendant may rely on it as a defense, as in, "Yes, I tackled L.H. but restraining him was allowed by the IEP." However, at this point of the case, a potential defense - and the thus the claim's relationship to the IEP - is mere speculation. There simply are not facts presently before the Court that would make Counts II and III a IDEA claim. Because Counts II and III could not be remedied under the IDEA, exhaustion is not required.

Accordingly, the Defendants' Motion to Dismiss Counts II and III is denied. However, this ruling is not preclusive of

the Defendants' ability to raise an exhaustion argument again, at the summary judgment stage, if they can articulate with authority that the Plaintiff's requested remedy is available under the IDEA and there exists a non-futile avenue that the Plaintiff could have used to exhaust Counts I-III.

## VI. CONCLUSION

For the reason set out above, Defendants' Motion to Dismiss, Docket No. 8, is **DENIED.**

**IT IS SO ORDERED** this 23rd day of March, 2015.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa